United States District Court
Southern District of Texas
**ENTERED**
December 29, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JORGE LUIS MEZA YANEZ, | § | CIVIL ACTION NUMBER |
| | § | 4:25-cv-05779 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| GRANT DICKEY, *et al*, | § | |
| Respondents. | § | |

ORDER

Petitioner Jorge Luis Meza Yanez is a citizen of Mexico who entered the United States without lawful permission over two decades ago. Dkt 1 at ¶13. He was recently taken into custody by Immigration and Customs Enforcement, where he currently remains. Id at ¶¶14, 16. Respondents are sued in their official capacity as officers or employees of the United States and are collectively referred to as *the Government*.

Pending is a petition for a writ of *habeas corpus*, by which Petitioner challenges his detention under the INA and Due Process Clause of the Fifth Amendment. See id at ¶¶22–34.

The Government filed a motion for summary judgment in response. Dkt 9. It contends that Petitioner is an "applicant for admission" under 8 USC §1225(b)(2)(A), which provides for mandatory detention during removal proceedings. Id at 3–5.

As noted at hearing, this action presents the same issue of textual interpretation recently addressed and resolved by the undersigned in *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex). See Dkt __. The construction

given 8 USC §§1225 and 1226 in that case thus controls here.

Petitioner's due process claim also fails. As observed by the Supreme Court, "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore v Kim*, 538 US 510, 531 (2003) (citations omitted). As such, "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." Id at 526.

Citation by Petitioner to *Zadvydas v Davis* is also unavailing, as there the Supreme Court explicitly distinguished *post*-removal-period detention (which has no obvious termination point, thus requiring a constitutional constraint on unbounded detention) from "detention pending a determination of removability." 533 US 678, 697 (2001). Regardless, Petitioner hasn't shown that his detention is approaching the six-month presumption in *Zadvydas*.

As such, the motion by the Government for summary judgment will be granted. Dkt 9. The petition for writ of *habeas corpus* will be denied, and the motion by Petitioner for temporary restraining order will be denied. Dkts 1 & 2.

\*   \*   \*

In so concluding, respectful acknowledgement is given to the seven other district court judges in the Houston Division who have also recently reached the statutory issue presented in this case. Each has determined under similar circumstances in favor of §1226 over §1225. For example, see *Ortega-Aguirre v Noem*, 4:25-cv-04332 (SD Tex, Oct 10, 2025) (Bennett, J); *Hernandez Lucero v Noem*, 4:25-cv-03981 (SD Tex, Oct 23, 2025) (Ellison, J); *Aslamov v Bradford*, 4:25-cv-04299 (SD Tex, Oct 30, 2025) (Hanks, J); *Mejia Juarez v Bondi*, 4:25-cv-03937 (SD Tex, Oct 27, 2025) (Hoyt, J); *Buenrostro-Mendez v Bondi*, 2025 WL 2886346, (SD Tex) (Rosenthal, J); *Reyes-Lopez v Noem*, 4:25-cv-04629 (SD Tex, Nov 21, 2025) (Lake, J); *Espinoza Andres v Noem*, 4:25-cv-05128 (SD Tex, Dec 2, 2025) (Hittner, J). Another three judges in this Division haven't reached

decision, but two have it currently pending before them. For example, see *Romero Moreno v Tate*, 4:25-cv-04903 (SD Tex) (Hanen, J); *Martinez-Sarres v Warden*, 4:25-cv-05273 (SD Tex) (Werlein, J).

That said, until the Fifth Circuit gives a definitive interpretation, it is simply up to each district court judge to give the text his or her own best reading. And in that regard, it's also noted that at least two cases from the Southern District of Texas are currently pending before the Fifth Circuit on this issue. See *Buenrostro-Mendez v Bondi*, 25-20496 (cited above, per Rosenthal, J); *Covarrubias v Vergara*, 25-40701 (per Kazen, J, SD Tex, Laredo Division).

If decision from the Fifth Circuit enters that is contrary to the ruling here and in *Montoya Cabanas v Bondi*, 2025 WL 3171331, (SD Tex), Petitioner may freely seek leave to file a motion for reconsideration on an expedited basis, if desired. Or he may initiate a separate petition.

\*   \*   \*

The motion by the Government for summary judgment is GRANTED Dkt 9.

The petition for writ of *habeas corpus* by Petitioner Jorge Luis Meza Yanez is DENIED. Dkt 1.

The motion by Petitioner Jorge Luis Meza Yanez for temporary restraining order is DENIED. Dkt 2.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on December 29, 2025, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge